```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WAYMAN TATUM,

                    Plaintiff,

       -against-                        MEMORANDUM AND ORDER
                                        09-CV-3588 (JS)(ETB)

SUFFOLK COUNTY NEW YORK,
SUFFOLK COUNTY POLICE FIRST PRECINCT,

                    Defendants.
----------------------------------X
```

APPEARANCES:
For Plaintiff:      Wayman Tatum, pro se
                    403916
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 1190

For Defendants:     No appearances

SEYBERT, District Judge:

      Pending before the Court is an application from pro se Plaintiff Wayman Tatum ("Plaintiff") to proceed in forma pauperis. Plaintiff's Complaint alleges that Defendants abridged Plaintiff's constitutional rights in violation of 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed herein, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is DISMISSED without prejudice.

BACKGROUND

      Plaintiff alleges that on February 11, 2009, Suffolk County Police Officers stopped Plaintiff while he was driving from Suffolk to Nassau County. According to Plaintiff, the officers "apprehended [Plaintiff] by throwing a flashlight into the driver

side window, glass and the flashlight hit [Plaintiff] in [his] face[,] then the officers grabbed [Plaintiff] by [his] head and arm and threw [Plaintiff] to the ground." (Compl. ¶ IV.) Plaintiff alleges that he was hit and kicked and the only reason the officers stopped the "Rodney King rendition style beating" was because Plaintiff was bleeding from the back of his head and his mouth. Plaintiff seeks $800 million in damages.

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se

plaintiff liberally, particularly allegations of civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," courts must grant leave to amend the complaint.  See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

Notwithstanding the liberal pleading standards, all complaints must contain at least "some minimum level of factual support for their claims," Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).  Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8.  Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him.  See Fed. R. Civ. P. 8; Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal.  See Alfaro Motors, 814 F.2d at 887.

A.  <u>Section 1983</u>

Plaintiff files his claim pursuant to 42 U.S.C. § 1983. That section provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant acted under color of state law; and (2) that as a result of the defendant's actions, the plaintiff suffered a deprivation of his or her rights or privileges as secured by the Constitution or laws of the United States. See <u>Am. Mfr. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999); <u>Giordano v. City of New York</u>, 274 F.3d 740, 750 (2d Cir. 2001).

Furthermore, when bringing a Section 1983 action against a municipality, a plaintiff is required to plead three elements: "'(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" <u>Zahra v. Southold</u>, 48 F.3d 674, 685 (2d Cir. 1995) (quoting <u>Batista v. Rodriquez</u>, 702 F.2d 393, 397 (2d Cir. 1983)). "Local governing bodies . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not

received formal approval through the body's official decisionmaking channels." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

1. Claims against the Suffolk County Police Department

A local police department, such as the Suffolk County Police Department, "is considered an administrative arm of the County, without a legal identity separate and apart from the municipality and, therefore, without the capacity to sue or be sued." Aguilera v. County of Nassau, 425 F. Supp. 2d 320, 323 (E.D.N.Y. March 27, 2006) (citations omitted). Plaintiff's claims against the Suffolk County Police Department are thus more appropriately raised against Defendant Suffolk County. Accordingly, Plaintiff's claims against the Suffolk County Police Department are DISMISSED with prejudice.

2. Claims against Suffolk County

Plaintiff has not named any individual defendants in his Complaint; rather, Plaintiff has brought suit only against a municipality. However, as noted above, when bringing a Section 1983 claim against a municipality, a plaintiff must plead an official policy or custom that caused the plaintiff's constitutional rights to be violated. Here, Plaintiff fails to allege any facts to show a municipal policy or custom deprived Plaintiff of a constitutional right.

However, "under certain circumstances, a municipality may

be held liable as a result of its failure to properly train or instruct its employees who consequently engage in unlawful behavior." Cotz v. Mastroeni, 476 F. Supp. 2d 332, 359 (S.D.N.Y. 2007). This failure to train theory "may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). The Second Circuit has identified three requirements which a plaintiff must show before a municipality will be held liable for failure to train. "First, the plaintiff must show that a policymaker knows to a moral certainty that her employees will confront a given situation." Jenkins v. City of New York, 478 F.3d 76, 94 (2d Cir. 2007) (internal quotation marks omitted). "Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation." Id. "Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." Id.

Here, Plaintiff has not pled any facts, which if taken as true, show that Suffolk County improperly trained its employees. Thus, Plaintiff's Section 1983 claims against Suffolk County are dismissed without prejudice.

6

III. <u>Leave to Amend</u>

When addressing a <u>pro se</u> complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. <u>Thompson v. Carter</u>, 284 F.3d 411, 419 (2d Cir. 2002) (citing <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991). Nevertheless, "'[f]utility' is a valid reason for denying a motion to amend . . . where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 70-71 (2d Cir. 1999) (citations omitted).

Here, the Court finds that Plaintiff should be permitted to amend his claims against Suffolk County. If Plaintiff has a viable claim against Suffolk County, Plaintiff may file an Amended Complaint by December 1, 2009, correcting the deficiencies noted in this Order. Plaintiff may add other defendants; however, Plaintiff may not assert claims against the Suffolk County Police Department because, as above stated, this entity is considered an administrative arm of Suffolk County, without a legal identity separate and apart from the municipality.

Plaintiff is advised that failure to amend by December 1, 2009, will result in dismissal of his Complaint with prejudice. Further, Plaintiff is advised that his Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure.

7

Should Plaintiff file an Amended Complaint, he must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto.  The allegations must be short, plain, and concise. In addition, Plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint.  The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED, that Plaintiff's request to proceed in forma pauperis is hereby GRANTED; and it is further

ORDERED, that the Superintendent of the facility in which Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's previously submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED, that the agency holding Plaintiff in custody shall not deduct more than twenty percent from the prisoner's trust fund account and shall forward the payments to the appropriate courts sequentially if there are multiple fee-related encumbrances, rather than collecting multiple fees at the same time that exceed twenty percent of the prisoner's account; and it is further

ORDERED, that the Clerk of the Court mail a copy of this Order, together with Plaintiff's authorization, to Plaintiff and to the superintendent of the facility in which Plaintiff is incarcerated; and it is further

ORDERED, that the Clerk of the Court forward to the United States Marshal for the Eastern District of New York copies of Plaintiff's Summons, Complaint, and this Order for service upon Defendant Suffolk County; and it is further

ORDERED, that the claims against Suffolk County Police Department are DISMISSED with prejudice; and it is further

ORDERED, that the claims against Suffolk County are DISMISSED without prejudice. Plaintiff may file an Amended Complaint by December 1, 2009; failure to amend by this date will result in dismissal of Plaintiff's claims with prejudice.

                                        SO ORDERED

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
           November 3, 2009